UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10965-SVW (SK) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Lawrence Conway v. Stu Sherman | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Erica Valencia | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**    (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In December 2020, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2000 state conviction for first-degree murder with special circumstances for rape and torture. (ECF 1 at 53). Petitioner is serving a sentence of life without parole. (*Id.*). He seeks to overturn his conviction under changes to California state law. (*Id.* at 5-6). On its face, however, the petition is subject to summary dismissal on at least three grounds.

First, the petition is impermissibly second and successive. In February 2003, Petitioner filed a § 2254 petition challenging the same 2000 conviction. (C.D. Cal. Case No. 2:03-cv-00852-SGL-AJW).[1] That petition was denied in May 2006. (*Id.*). So to file a second or successive federal habeas petition, Petitioner had to obtain permission from the Ninth Circuit Court of Appeals first. *See* 28 U.S.C. § 2244(b)(3)(A)-(B). Yet the petition references no Ninth Circuit order authorizing a second and successive petition. Petitioner sought permission in November 2012 and October 2017, but his requests were either denied or voluntarily withdrawn. (*See* 9th Cir. Case Nos. 12-73743, 17-72981). Without that authorization, the Court lacks jurisdiction over the petition, just as it did for Petitioner's two other petitions. (*See* 9th Cir. Case No. 20-72804; C.D. Cal. Case No. 2:11-cv-08307-SVW-AJW).

Second, even if Petitioner could file a second and successive petition, his "sentencing" claim, which is essentially a request to overturn his conviction, arises only under California state law. But federal habeas relief is available under § 2254 only if Petitioner alleges that he is being held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982). It is jurisdictionally unavailable if, as here, Petitioner's claim challenges only a state court's decision not to retroactively apply a change in state law. *See Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973); *Kazas v. Woodford*, 436 Fed. App'x 813, 814-16 (9th Cir. 2011).

---

[1] The Court takes judicial notice of Petitioner's prior direct appeal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10965-SVW (SK) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Lawrence Conway v. Stu Sherman | | |

    Third and last, even if Petitioner's state law claim were somehow recast as a federal claim, the petition appears facially untimely.  After Petitioner's unsuccessful appeal to the California Court of Appeal, the California Supreme Court denied review in October 2001.  (Cal. Sup. Ct. S099805).  If Petitioner filed no petition for writ of certiorari in the U.S. Supreme Court, his conviction became final in January 2002.  *See* U.S. Sup. Ct. R. 13.  From then, without statutory tolling, he had one year until January 2003 to file a timely federal petition.  *See* 28 U.S.C. § 2244 (d)(1)(A).  Statutory tolling applies, however, only while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" is pending.  28 U.S.C. § 2244(d)(2).  Untimely state habeas petitions are not "properly filed" for this purpose.  *See White v. Martel*, 601 F.3d 882, 883-84 (9th Cir. 2010).  Before filing his federal petition here, Petitioner appears to have filed at least sixteen state habeas petitions in the California state courts.  (*See* Cal. Sup. Ct. Case Nos. S104236, S110808, S192258, S193236, S203231, S220095, S240897, S256939; Cal. Ct. App. Case Nos. B155241, B161625, B240086, B255111, B256377, B280821, B298446; Cal. Super. Ct. of L.A. Cnty. Case No. BA165136).  But only four of his state petitions (Cal. Sup. Ct. Case Nos. S104236, S110808; Cal. Ct. App. Case Nos. B155241, B161625) appear to have been timely filed, thereby tolling the federal limitations period through October 2003.  His 12 other petitions could have had no tolling effect if they were untimely as the public record reveals.  *See White*, 601 F.3d at 883-84.  Nor could they have restarted a new federal limitations period after October 2003.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

    For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **January 25, 2021** why the Court should not dismiss the petition for lack of jurisdiction, untimeliness, or both.  Petitioner bears the burden to establish timeliness on any ground, including equitable tolling, that the Court may be unaware of.  *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).  **If Petitioner files no timely response to this order, this action may be involuntarily dismissed for failure to prosecute.**  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.  If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a Voluntary Notice of Dismissal on the attached Form CV-09.